AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:19 mj 475
THE CELLULAR TELEPHONE ASSIGNED CALL )
NUMBER 956-624-0140 THAT IS IN THE CUSTODY )
OR CONTROL OF T-MOBILE )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. sections 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the ___unknown___ District of ___unknown___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. section 846 | Possession with the intent to distribute and to distribute a controlled substance |
| 21 U.S.C. section 841 | and conspiracy to commit the same |
| 21, U.S.C. § 843 | Use of a communications facility to commit a felony |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

TFO Anthony Smith, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/8/19

*Judge's signature*

City and state: Dayton, Ohio

Michael J. Newman, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **956-624-01470**, (the "**Target Cell Phone**"), whose wireless service provider is T-MOBILE, a wireless telephone service provider headquartered Parsippany, NJ.

2. Records and information associated with the **Target Cell Phone** that is within the possession, custody, or control of T-MOBILE including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the **Target Cell Phone** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-MOBILE, T-MOBILE is required to disclose the Location Information to the government. In addition, T-MOBILE must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-MOBILE's services, including by initiating a signal to determine the location of the Target Cell Phone on T-MOBILE's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-MOBILE for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § § 846 & 841(a)(1) (possession with the intent to distribute and to distribute a controlled substance and conspiracy to commit the same and 21 U.S.C. § 843 (Use of a communication facility to commit a felony.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISON

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **956-624-0140** THAT IS IN THE CUSTODY OR CONTROL OF T-MOBILE | Case No. 3:19 mj 475<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Task Force Officer Anthony Smith being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **956-624-0140**, (the "**Target Cell Phone**"), whose service provider is T-MOBILE, a wireless telephone service provider headquartered at Parsippany, NJ. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Task Force Officer with the Drug Enforcement Administration, and have been since January 2019. I am also a police officer with the Tipp City Police Department, and

have been since 2011. In 2011, I attended the Ohio Police Officer's Training academy which consisted of over 500 hours of training in conducting basic police operations. Since then, I have attended many hours of training to include drug trafficking investigations, handling confidential sources, conducting undercover operations, conducting mobile, static, foot and electronic surveillance, conducting tactical entry and vehicle arrest operations, defensive tactics, firearms, and additional aspects of conducting investigations. I have been assigned to the DEA Dayton Resident Office since January 2018. Prior to employment with the DEA, I was a sworn Law Enforcement Officer of the State of Ohio charged with the duty to investigate criminal activity and enforce the criminal laws of the State of Ohio, and employed by the Tipp City Police Department. For approximately the last three years, I have been assigned to the Tipp City Police Department Detective Section. I am also a sworn special deputy with the Miami County Sheriff's Office in order to work with their narcotics investigation unit, since 2017.

4. Since the time of my assignment with the DEA, and during time spent as a Tipp City Police Officer, I have been involved in narcotics related arrests, executed search warrants that resulted in the seizure of narcotics, and participated in undercover narcotics purchases. Through training and experience, I am familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside, and where they store controlled substances and the illegal proceeds derived therefrom.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, U.S.C. §§ 841, 846 (distribution of a controlled substance and conspiracy to commit the same); and Title 21, U.S.C. § 843 (use of a communications facility to commit a felony) have been committed, are being committed, and will be committed by Rogelio ZUNIGA.

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. I submit, based on the facts below, that there is probable cause to believe that the **Target Cell Phone**, as described above, is being utilized by Rogelio ZUNIGA, who is a member of a drug trafficking organization (DTO) operating in the Dayton, Ohio area.

9. In July, 2018, Members of the DEA Dayton Resident Office (DRO) conducted a debrief with a confidential source (hereafter referred to as CS-1) whose identity is known to law enforcement.[1] CS-1 has worked with law enforcement in the past and has provided reliable and credible information that has led to prosecutions. During the debrief, the CS-1 provided information about the drug trafficking activities of Rogelio "Roy" ZUNIGA. The CS-1 stated that ZUNIGA was a high level cocaine distributor. The CS stated that ZUNIGA will come from Texas to the property at 2006 W. State Route 571 in Tipp City, Ohio and stay for the duration of

---

[1] This CS has previously been arrested for Theft and Driving under the Influence. The CS is currently working with law enforcement authorities for monetary consideration.

3

harvest season, which is typically from late summer to late fall. CS-1 had been living at the location intermittently and witnessed ZUNIGA's business.

10. As a Tipp City Police Officer and Dayton DEA Task Force Officer, I am familiar with the location provided by CS-1 and know that this address is a camp with numerous housing units on it, specifically for workers that migrate to the area to work in local farms and a local tomato cannery.

11. CS-1 provided information that ZUNIGA will bring a large amount of cocaine with him to the camp at the beginning of the season and sell it to the camp workers. CS-1 also stated that ZUNIGA will act as a loan shark on the camp and that ZUNIGA holds a higher position within Tip Top Canning, a local tomato cannery in the Tipp City area.

12. In August, 2018, Miami County Sheriff's Office investigators conducted a debrief if a confidential source (hereafter referred to as CS-2,) whose identity is known to law enforcement. CS-2 has been working with law enforcement for consideration in a case and has provided reliable and credible information in the past. During the debrief, CS-2 corroborated CS-1's information that ZUNIGA will come from Texas sometime in the early fall with cocaine and methamphetamine to sell at the camp during the working season. CS-2 also described that CS-2's house had been searched by law enforcement, CS-2 took kilogram quantities of methamphetamine to ZUNIGA and a man named "Lute" at the camp, for them to watch until the investigation died down. According to CS-2, "Lute" is the man in charge of the camp.

13. On July 22, 2019, Members of the DRO debriefed a confidential source (hereafter referred to as CS-3) whose identity is known to law enforcement. CS-3 has worked with law enforcement in the past for monetary consideration and has provided reliable and credible

information on multiple occasions. During the debrief, CS-3 stated that "Roy" will be coming to the camp at 2006 State Route 571 in Tipp City, Ohio, in the near future. CS-3 stated that when "Roy" comes, he will bring multiple kilograms of cocaine and pounds of methamphetamine. CS-3 stated that "Roy" likes to sell all of the narcotics he brings quickly to the workers at the camp, so that they owe him money throughout the working season. CS-3 provided the phone number 956-624-0140 as a current number for "Roy". CS-3 stated that this is the only phone number that is known for Roy and that Roy uses it for drug trafficking, based on conversations CS-3 has had with ZUNIGA in the past.

14. Members of DRO searched Facebook for the 956-624-0140 phone number. Investigators observed that the 956-624-0140 number was attached to an account in the name Palmira Roy Zuniga. Investigators showed a profile photo from that Palmira Roy Zuniga account to CS-3. CS-3 immediately identified the male in the profile photo as "Roy".

15. CS-3 contacted investigators on August 5, 2019 and informed them that Roy will be leaving Texas on Saturday, August 10, 2019 and arrive in Tipp City on Sunday, August 11, 2019.

16. All three cooperating sources provided information that ZUNIGA has been conducting this same business for several years. This information was corroborated by Tipp City Police reports reflecting that Rogelio ZUNIGA was stopped in 2017 for a minor traffic offense and listed his address as 2006 W. State Route 571. Additionally, based on my experience working in the area, I have knowledge of previous drug activity at that address during the working season.

17. In summary, I believe the **Target Cell Phone** is currently being used by Rogelio "Roy" ZUNIGA in the distribution of drugs and that ZUNIGA will be travelling to Ohio with drugs.

18. I know that collecting location information on the **Target Cell Phone** for a 30 day period will assist investigators in locating ZUNIGA as he travels from Texas to Ohio with drugs. Further, the information requested will assist the law enforcement in identifying co-conspirators and additional cellular devices owned and operated by the co-conspirators.

19. In my training and experience, I have learned that T-MOBILE is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

20. Based on my training and experience, I know that T-MOBILE can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the **Target Cell Phone** on T-MOBILE's network or with such other reference points as may be reasonably available.

21. Based on my training and experience, I know that T-MOBILE can collect cell-site data about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-MOBILE typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

23. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify

confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

24. I further request that the Court direct T-MOBILE to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-MOBILE. I also request that the Court direct T-MOBILE to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-MOBILE's services, including by initiating a signal to determine the location of the **Target Cell Phone** on T-MOBILE's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-MOBILE for reasonable expenses incurred in furnishing such facilities or assistance.

25. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

26. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Anthony Smith
Task Force Officer
DEA

Subscribed and sworn to before me on August 8, 2019

_____
HON. MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE